1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| KIMBERLY A. QUERRY, an individual, | CASE NO. 09cv0215 WQH (POR) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| OFFICER SMALE, an individual, MIKE BROWN, an individual, and DOES 1-50, INCLUSIVE, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Complaint filed by Defendant Mike Brown (Doc. #7).

### Background

On February 4, 2009, Plaintiff Kimberly Querry initiated this action by filing the Complaint against Officer Smale and Mike Brown (Doc. #1). The Complaint alleges Smale was an employee of the California Highway Patrol ("CHP"), and Brown was the Commissioner of CHP. The Complaint alleges Brown was responsible for setting policy within CHP as the decision maker.

The Complaint alleges that on February 9, 2008, Smale pulled Querry over for speeding on Highway 67 in San Diego County. The Complaint alleges Smale conducted a breathalyzer test, and told Querry she was being arrested for driving under the influence. The Complaint alleges Querry complied with all directions and did not resist. The Complaint alleges Querry asked Smale not to twist her arm behind her back in order to handcuff her because she had a

fractured humerus and could not put her arms behind her back. The Complaint alleges Smale told Querry this maneuver was "protocol" and ignored Querry's plea and twisted her arm. *Complaint*, ¶ 28. The Complaint alleges Querry then heard a loud pop and felt a sharp pain in her shoulder and she cried out in pain. The Complaint alleges Querry asked Smale to take the handcuffs off and put them in front of her body and Smale refused, telling her "that's our procedure." *Id*. at ¶ 33. The Complaint alleges Querry told Smale repeatedly that she was in excruciating pain, but he did not remove the handcuffs.

The Complaint alleges "Defendants and DOES 1-20, inclusive, acting under color of state law, deprived Kimberly Querry of her rights under the United States Constitution to be free from the use of excessive force by law enforcement and punishment without due process of law." *Complaint*, ¶ 45. The Complaint alleges "Defendants, as a matter of custom, practice and policy, failed to adequately and properly screen and hire the defendant employees," and that this failure "was deliberately indifferent to the Constitutional rights of plaintiff and done with conscious disregard for the dangers of harm and injury to the plaintiff." *Id.* at ¶¶ 81, 82. The Complaint alleges "[t]hese defendants failed to provide adequate training and supervision to CHP officers" and "failed to promulgate and enforce adequate policies and procedures related to the use of handcuffs on injured citizens." *Id*. at ¶¶ 89-90. The Complaint alleges "Defendants failed to supervise officers to prevent, deter and punish the unconstitutional and excessive use of force in effecting arrests," and "[s]aid custom, practice and policy included a failure to adequately investigate, supervise and discipline offending officers." *Id*. at ¶¶ 94, 95.

The Complaint alleges the following causes of action: (1) excessive force pursuant to 42 U.S.C. § 1983 against Smale and Brown; (2) California civil rights violation pursuant to Unruh Act against Smale and Brown; (3) assault and battery against Smale; (4) intentional infliction of emotional distress against Smale; (5) negligence against Smale and Brown; (6) negligent infliction of emotional distress against Smale and Brown; (7) failure to properly screen and hire pursuant to 42 U.S.C. § 1983 against Brown; (8) failure to train pursuant to 42 U.S.C. § 1983 against Brown; (9) failure to supervise and discipline pursuant to 42 U.S.C. § 1983 against Brown and (10) Monell violation pursuant to 42 U.S.C. § 1983 against Brown.

1   On May 22, 2009, Plaintiff voluntarily dismissed the Monell violation claim (Doc. #15).

2       On April 6, 2009, Defendant Brown filed the Motion to Dismiss (Doc. #7). Brown moves to dismiss the Complaint against Brown for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On May 25, 2009, Plaintiff filed the Opposition to the Motion to Dismiss (Doc. # 12). Plaintiff opposes the Motion to Dismiss on grounds that the Complaint does state a claim with respect to each of these causes of action. On June 1, 2009, Defendant Brown filed a Reply (Doc. # 17).

## Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Federal Rules adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss the complaint must plead sufficient factual matter, taken in the light most favorable to the moving party, that "is plausible on its face." *Twombly*, 127 S. Ct at 1955.

## Analysis

**I.      Section 1983 Claims: First, Seventh, Eighth and Ninth Causes of Action**

Brown contends all of the § 1983 claims against him fail because Plaintiff does not allege he directly participated in the challenged conduct or set in motion a series of acts by others which he knew or had reason to know would cause others to inflict the constitutional injury. *Mot. to Dismiss*, p. 2. Defendant Brown contends:

> Merely alleging in conclusory language that Commissioner Brown "was responsible for setting policy within CHP as the decision maker," "failed to adequately and properly screen and hire that defendant police officers as a matter of policy, custom and practice" (*see* ¶ 81), "failed to maintain adequate and proper training in the department necessary to educate the officers as to the constitutional rights of arrestees" (*see* ¶88), and "failed to supervise officers to prevent, deter and punish the unconstitutional and excessive use of force in effecting arrests" (*see* ¶94), is not enough to state a section 1983 claim against the Commissioner.

*See Motion to Dismiss*, p. 4.

Plaintiff contends she "has sufficiently alleged facts to support a claim under section 1983 for supervisory liability, namely, that Defendant Brown either directly participated in the challenged conduct or set in motion a series of acts by others which he knew or had reason to know would cause others to inflict the constitutional injury." *Opposition,* p. 4.

42 U.S.C. § 1983 provides a cause of action against any person who, under color of state law, deprives any citizen of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.*

Supervisory personnel are not generally liable under § 1983 for actions of their subordinates on a theory of vicarious liability. *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). However, a supervisor can be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation[;] or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland,* 145 F.3d 1087, 1093 (9th Cir. 1998) (internal quotations and citations omitted). Supervisory liability exists without personal participation if the supervisor implemented "a policy so deficient that the policy 'itself is a

1  repudiation of constitutional rights' and 'is the moving force of constitutional violation.'"
2  *Hansen*, 885 F.2d at 646 (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).  A
3  supervisor can be liable "for his own culpable action or inaction in the training, supervision, or
4  control of his subordinates; for his acquiescence in the constitutional deprivation . . . ; or for
5  conduct that showed a reckless or callous indifference to the rights of others."  *Larez v. City of*
6  *Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (quotations omitted); *see also Cunningham v.*
7  *Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000).  Supervisory liability depends on whether the
8  supervisor set in motion a series of acts by others which he knows or reasonably should know
9  would cause the constitutional injury.  *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986);
10 *see also Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  Vague and conclusory
11 allegations concerning supervisory involvement in civil rights violations are not sufficient to
12 survive a motion to dismiss for failure to state a claim.  *See Ivey v. Board of Regents*, 673 F.2d
13 266, 268 (9th Cir. 1982).

       A.     First Cause of Action for Excessive Force

In support of the first cause of action for excessive force, the Complaint alleges "Defendant Smale deprived Ms. Querry of her Fourth Amendment right to be free of excessive force," and acted "with a purpose to cause harm that is unrelated to the legitimate use of force." *Complaint*, ¶¶ 47, 51.  The only reference to Brown in the cause of action for excessive force is the allegation that "Defendants and DOES 1-20, inclusive, acting under color of state law, deprived Kimberly Querry of her rights under the United States Constitution to be free from the use of excessive force by law enforcement and punishment without due process of law." *Id*. at ¶ 45.  This allegation is vague and conclusory.  The Complaint does not allege Brown was personally involved in the use of excessive force on Plaintiff.  The Complaint does not allege any causal connection between Brown and the alleged use of excessive force.  Viewing the allegations in the light most favorable to the Plaintiff, the Court concludes the Complaint fails to state a claim for excessive force against Brown.  The Court dismisses the cause of action for excessive force against Brown.

B. <u>Seventh Cause of Action for Failure to Properly Screen and Hire</u>

In support of the seventh cause of action for failure to properly screen and hire, the Complaint alleges "[d]efendants, as a matter of custom, practice and policy, failed to adequately and properly screen and hire the defendant employees," and this failure "was deliberately indifferent to the Constitutional rights of plaintiff and done with conscious disregard." *Complaint*, ¶¶ 81-82. The allegations supporting the cause of action for failure to properly screen and hire are vague and conclusory. Although the Complaint vaguely references a deficient policy regarding the screening and training of employees, the Complaint does not allege any facts that describe how the policy is deficient, how Brown failed to adequately screen and hire employees, or how the alleged failure to properly screen and hire caused Plaintiff's injury. Viewing the allegations in the light most favorable to Plaintiff, the Court concludes that the Complaint fails to allege facts to support a claim against Brown for failure to properly screen and hire, and dismisses the cause of action for failure to properly screen and hire.

C. <u>Eighth Cause of Action for Failure to Train</u>

The Complaint alleges Brown "was responsible for setting policy within CHP as the decision maker." *Complaint*, ¶ 12. In support of the cause of action for failure to train, the Complaint alleges Brown promulgated a deficient policy, and specifies that the policy was deficient in that it failed to prescribe adequate procedures for CHP officers' use of handcuffs on injured citizens. *Id,* ¶ 90. The Complaint also alleges a causal connection between the deficient policy promulgated by Brown and Plaintiff's injury through allegations that Smale, a CHP employee, injured Plaintiff in the course of applying handcuffs because he was not properly trained with respect to how to apply handcuffs on injured citizens. The Court concludes that the Complaint alleges sufficient facts to support the cause of action against Brown for failure to train because the Complaint identifies a specific deficiency in a policy promulgated by Brown, and alleges a sufficient causal connection between the deficiency and Plaintiff's injury. The Court concludes that dismissal of the eighth cause of action against Brown for failure to train is not proper.

### D. Ninth Cause of Action for Failure to Supervise and Discipline

The Complaint alleges Brown "was responsible for setting policy within CHP as the decision maker." *Complaint*, ¶ 12. In support of the cause of action for failure to supervise and discipline, the Complaint alleges Brown promulgated a deficient policy, and specifies that the policy was deficient in that it failed to provide for adequate investigation, supervision and discipline of officers conducting searches and seizures. *Id.,* ¶ 95. The Complaint alleges a causal connection between the deficient policy promulgated by Brown and Plaintiff's injury through allegations that Smale, a CHP employee, injured Plaintiff in the course of applying handcuffs because he was not properly supervised with respect to how to apply handcuffs on injured citizens. The Court concludes that the Complaint alleges sufficient facts to support the cause of action against Brown for failure to supervise and discipline because the Complaint identifies a specific deficiency in a policy promulgated by Brown, and alleges a sufficient causal connection between the deficiency and Plaintiff's injury. The Court concludes that dismissal of the ninth causes of action against Brown for failure supervise and discipline is not proper.

## II. State Law Claims: Second, Fifth and Sixth Causes of Action

### A. Brown is Not Entitled to Immunity

Brown moves to dismiss the state law causes of action on grounds that he is entitled to immunity under section 820.2 of the California Government Code. Brown contends he "was at all times allegedly acting in his official capacity as CHP Commissioner and responsible for setting policy as the decision maker for the CHP." *Mot. to Dismiss*, p. 6. Brown contends "because Commissioner Brown necessarily exercised his discretion in setting department policy, he is immune from state tort liability under section 820.2, whether or not such discretion is abused." *Reply,* p. 5. Brown also contends this Court should decline to exercise supplemental jurisdiction over the state law claims absent a federal claim.

Plaintiff contends Brown cannot meet his burden of proving immunity and that it is "premature at this juncture to make a judicial determination as to what actions this particular defendant took with respect to setting and implementing the handcuffing policy." *Opposition*, p. 7. Plaintiff argues that ministerial rather than discretionary conduct by Brown is at issue in this case. *Id.*

1    California Government Code section 820.2 provides: "Except as otherwise provided by
2 statute, a public employee is not liable for an injury resulting from his act or omission where the
3 act or omission was the result of the exercise of the discretion vested in him, whether or not such
4 discretion be abused."  Cal. Govt. Code § 820.2.

> To determine which acts are discretionary, California courts do not look at the literal meaning of "discretionary," because almost all acts involve some choice between alternatives. Rather, immunity protects "basic policy decisions," but does not protect "operational" or "ministerial" decisions that merely implement a basic policy decision. There is no immunity "if the injury . . . results, not from the employee's exercise of discretion vested in him to undertake the act, but from his negligence in performing it after having made the discretionary decision to do so.

*Martinez v. City of Los Angeles,* 141 F.3d 1373, 1379 (9th Cir. 1998) (*quoting McCorkle v. City of Los Angeles,* 70 Cal. 2d 252, 261 (1969)).  "In government tort cases, the rule is liability, immunity is the exception." *Lopez v. Southern Cal. Rapid Transit Dist.,* 40 Cal. 3d 780, 792 (1985) (internal quotations and citation omitted).  "The scope of the discretionary act immunity should be no greater than is required to give legislative and executive policy makers sufficient breathing space in which to perform their vital policymaking functions." *Barner v. Leeds,* 24 Cal. 4th 676, 685 (2000).  Immunity applies "only to deliberate and considered policy decisions, in which a conscious balancing of risks and advantages . . . took place.  The fact that an employee normally engages in discretionary activity is irrelevant if, in a given case, the employee did not render a considered decision." *Caldwell v. Montoya,* 10 Cal. 4th 972, 981 (1995).

The conduct that gives rise to Plaintiff's state law claims is Brown's alleged failure to promulgate and enforce adequate policies for arresting people without causing physical injury. *See Complaint,* ¶¶ 73, 78.  The Complaint does not challenge a "deliberate and considered policy decision" made by Brown, but rather Brown's failure to promulgate adequate policies. *See Caldwell,* 10 Cal. 4th at 981.  Furthermore, the Complaint alleges that Brown failed to enforce adequate policies in addition to the allegation that Brown failed to promulgate adequate policies. This challenged conduct is ministerial, to which immunity does not apply. *See Martinez,* 141 F.3d at 1379.  Viewing the allegations in the light most favorable to the Plaintiff, the Court concludes that dismissal of the state law claims against Brown on grounds of immunity is not proper at this stage of the proceedings.  The motion to dismiss the state law causes of action

against Brown is denied.

### B. Supplemental Jurisdiction

Pursuant to 28 U.S.C. section 1367(c), a federal court may decline to exercise supplemental jurisdiction over a pendant state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c); *Executive Software N. Am. v. United States*, 24 F.3d 1545, 1557 (9th Cir. 1994). If the exercise of supplemental jurisdiction does not advance considerations of "judicial economy, fairness and comity," a federal court "should hesitate to exercise jurisdiction over state law claims." *Id*.

The Court has denied the motion to dismiss with respect to some of Plaintiff's federal claims against Brown over which the Court has original jurisdiction. Furthermore, Plaintiff's state law claims against Brown derive from the same underlying facts as Plaintiff's federal claims. In light of the foregoing, the Court concludes that declining to exercise supplemental jurisdiction over the state law claims will not advance considerations of judicial economy, fairness and comity. The Court concludes that dismissal of the state law claims for lack of supplemental jurisdiction is not proper.

## Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Complaint (Doc. # 7) is **DENIED** as to the second, fifth, sixth, eighth and ninth causes of action; and **GRANTED** as to the first and seventh causes of action. The first cause of action against Defendant Brown for excessive force and seventh cause of action for failure to properly screen and hire are **DISMISSED.**

DATED: July 15, 2009

**WILLIAM Q. HAYES**
United States District Judge