UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY A. QUERRY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER SMALE, an individual; MIKE BROWN, an individual; DOES 1-20, inclusive,<br><br>Defendants. | Civil No. 09-cv-0215-WQH (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>[Document No. 34] |

On January 13, 2010, Plaintiff filed a Motion to Compel production of training materials on handcuffing techniques that were in effect at the time of Plaintiff's arrest and Defendant Officer Kevin Smale's personnel and disciplinary records. (Doc. 34.) Pursuant to the Court's January 6, 2010 order (Doc. 32), on January 14, 2010, Defendants lodged portions of Defendant Smale's personnel file and the CHP's Officer Safety Manual relating to misdemeanor and felony arrest techniques with the Court for an *in camera* review.

Federal Rule of Civil Procedure 26(c) provides that a court may limit discovery to protect from annoyance, embarrassment, oppression, or undue burden or expense. Federal common law recognizes a qualified privilege for official information. Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394 (1976). Government personnel files are considered official information. See, e.g., Zaustinsky v. University of Cal., 96 F.R.D. 622, 625 (N.D. Cal. 1983), aff'd, 782 F.2d 1055 (9th Cir. 1985). To determine whether the information sought should be disclosed, the court must weigh whether confidentiality outweighs the requesting

1  party's need for the information.  Hampton v. City of San Diego, 147 F.R.D. 227, 231 (S.D. Cal.
2  1993); See also Kelly v. City of San Jose, 114 F.R.D. 653, 657-58 (N.D. Cal. 1987.)
3       Upon reviewing the parties' moving papers and conducting an *in camera* review of the
4  documents at issue, the Court hereby GRANTS in part and DENIES in part Plaintiff's Motion to
5  Compel production of documents.  (Doc. 34.)  Specifically:
6       1.    Document AGO 1: Personnel File-Personnel Transfer Checklist: The transfer
7  document is solely administrative.  The document has limited relevancy, and any relevant part may
8  be obtained through other sources.  Thus, this document shall not be produced.
9       2.    Document AGO 2-5: Personnel File-Service Record: The document contains purely
10  personnel information.  The document has limited relevancy, and any relevant part may be obtained
11  through other sources.  Thus, this document shall not be produced.
12       3.    Document AGO 6-67: Personnel File-Performance Appraisal/Officer Evaluation
13  Activity Summary: Most documents contain self-critical and critical analysis that has little, if any,
14  relevancy to the issues in this case.  Defendants' interest in keeping such personnel matters
15  confidential outweighs Plaintiff's need for the information.  However, AGO 46 covers the relevant
16  time period in this case.  Accordingly:
17          a.    AGO 6-45 and AGO 47-67 shall not be produced.
18          b.    AGO 46 shall be produced within **fifteen days** of this order.  AGO 46 shall be
19              for attorneys eyes only and shall be covered by an agreed upon protective
20              order.
21       4.    Document AGO 68-95: Personnel File-Cadet Evaluation Summary:  The document
22  has no relevancy.  Thus, this document shall not be produced.
23       5.    Document AGO 96-99: Personnel File-Memorandum of Direction:  The document
24  has no relevancy.  Thus, this document shall not be produced.
25       6.    Document AGO 100: Personnel File-Individual Accident, Injury and Safety
26  Recognition Record:  The document has no relevancy.  Thus, this document shall not be produced.
27       7.    Document AGO 101: Personnel File-Injury and Illness Prevention Program
28  Orientation & Review: The document has no relevancy.  Thus, this document shall not be produced.

8. <u>Document AGO 102: Personnel File-Receipt of Inconsistent & Incompatible Activities Statement</u>: The document has no relevancy.  Thus, this document shall not be produced.

9. <u>Document AGO 103: Personnel File-Sensitive Position Designation Receipt</u>: The document has no relevancy.  Thus, this document shall not be produced.

10. <u>Document AGO 104: Personnel File-Training Guides & Manuals Issued to Cadets</u>: The document is relevant and Plaintiff's need for the information outweighs Defendants' interest in keeping such personnel matters confidential.  Thus, AGO 104 shall be produced within **fifteen days** of this order.

11. <u>Document AGO 105-177: Unsanitized Version of CHP Officer Safety Manual Chapter 21, HPM 70.6 (Misdemeanor and Felony Handcuffing Techniques</u>:

    a. <u>AGO 105</u>:  Defendants shall produce AGO 105 as redacted within **fifteen days** of this order.

    b. <u>AGO 106</u>:  Defendants shall produce AGO 106 within **fifteen days** of this order.

    c. <u>AGO 107-124</u>: Defendants shall produce AGO 107-124 within **fifteen days** of this order.  AGO 107-124 shall be for attorneys eyes only and shall be covered by an agreed upon protective order.

    d. <u>AGO 125-162</u>: The Court denies Plaintiff's motion to compel production of AGO 125-162 without prejudice.  Without further information concerning the facts of the arrest and handcuffing, the documents concerning felony arrests shall not be produced.  Defendants' interest in keeping such matters confidential outweighs Plaintiff's need for the information.

    e. <u>AGO 163-176</u>: Defendants shall produce AGO 163-176 within **fifteen days** of this order.  AGO 163-176 shall be for attorneys eyes only and shall be covered by an agreed upon protective order.

    f. <u>AGO 177-194</u>: Defendants' interest in keeping such matters confidential outweighs Plaintiff's need for the information.  Thus, this document shall not be produced.

1    12.    The parties shall submit a an agreed upon protective order within **five days** of this order. The parties shall contact the Court if any issues arise with regard to the protective order.

**IT IS SO ORDERED.**

DATED: January 26, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc:    The Honorable William Q. Hayes
    all parties